Appellant James Camp appeals a judgment of the Massillon Municipal Court convicting him of Driving While Intoxicated (R.C. 4511.19(A)(1) and (3)) and Marked Lanes (R.C. 4511.33):
ASSIGNMENTS OF ERROR:
 I. THE POLICE OFFICER LACKED SPECIFIC AND ARTICULATE REASON TO JUSTIFY AN INVESTIGATORY STOP ON MR. CAMP'S VEHICLE THEREBY VIOLATING THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
 II. THE POLICE OFFICER LACKED PROBABLE CAUSE TO JUSTIFY THE ARREST OF MR. CAMP AND THE ADMINISTRATION OF A BREATH ALCOHOL TEST THEREBY VIOLATING THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
At 2:52 A.M. on November 21, 1997, Officer Todd Macaluso of the Jackson Township Police Department observed appellant operating a motor vehicle in the vicinity of Brunnerdale and Hills and Dales Road in Jackson Township. Appellant made an erratic turn from Brunnerdale onto Hills and Dales, and proceeded to operate the vehicle with the wheels over the right white edge line for approximately a quarter of a mile. Appellant was traveling 35 miles per hour in a 45-mile-per-hour zone.
Officer Macaluso stopped appellant's vehicle. He smelled an odor of alcohol from the vehicle. Appellant admitted to consuming an alcoholic beverage. The officer had appellant exit his vehicle, and perform several field sobriety tests. Based on his observation of appellant, his driving, and his performance on the field sobriety tests, appellant was arrested for Driving Under the Influence of Alcohol and Traveling Outside a Marked Lane.
Appellant filed a Motion to Suppress, alleging that the arresting officer lacked a reasonable suspicion to stop the vehicle, and lacked probable cause to arrest him. Following a suppression hearing, the trial court overruled the motion. Appellant pled no contest to both charges, and was convicted.
 I.
A police officer may stop a motor vehicle if the officer has a reasonable, articulable suspicion of criminal activity. E.g.,Terry vs. Ohio (1968), 392 U.S. 1; State vs. Chatton (1984),11 Ohio St.3d 59. In the instant case, the Massillon Municipal Court found that Officer Macaluso had a reasonable, articulable suspicion of criminal activity, based on the manner of appellant's right-hand turn, the fact that he was traveling well below the speed limit, and the fact the he drove with his tires over the right edge line for approximately one quarter of a mile.
Appellant argues that the flawed turn and the inadequate speed cannot be the basis for the stop, as the officer did not charge appellant with traffic violations based on these observations. Appellant relies on an opinion of this court inState vs. Reaser (August 7, 1998), Ashland App. No. 96-1192, unreported.
In Reaser, the Court of Appeals for Ashland County found that because the trooper did not charge the defendant with failure to indicate a turn, such failure could not be the reasonable and articulable suspicion upon which he stopped the vehicle. We disagree with the reasoning of this opinion. We do not believe that the officer is required to charge the driver with a traffic violation in order to rely on an observation of unusual driving to support a stop of a vehicle. In many cases, a number of small violations for which the officer normally would not charge the driver, may give the officer a suspicion that the driver may be intoxicated. The instant case is one of those situations where several smaller violations gave the officer a reasonable suspicion that the driver could be intoxicated. This court has previously noted that probable cause is frequently a sequential consideration, where investigation becomes possibility of criminal conduct; which becomes a purely subjective, gut feeling of criminal conduct; which becomes a reasonable, articulable suspicion; which becomes probable cause. State vs. Kattman (July 12, 1991), Stark App. No. CA-8412, unreported. In the instant case, the unusual right turn and the slow speed at which appellant was traveling were a part of the scenario by which the officer's gut feeling that the driver was intoxicated became a reasonable, articulable suspicion which justified the eventual stop of the vehicle.
Appellant also argues the court could not find cause to stop based on the fact that he was traveling with his right tires over the white line. He argues that because he was not weaving, and did not impede the flow of traffic, he could not be stopped for this violation. However, appellant was charged with failing to travel in marked lanes, pled no contest, and was convicted. The officer testified that he was concerned that the driver of the vehicle would begin driving over the left-hand line, so he stopped the vehicle before this could occur. Tr. 6.
The officer had a reasonable, articulable suspicion to justify stopping appellant's vehicle.
The first Assignment of Error is overruled.
 II.
Appellant argues that the officer did not have probable cause to arrest him for Driving While Intoxicated, as the arrest was based solely on his performance on the Horizontal Gaze Nystagmus test. The court suppressed the results of this test, and appellant, therefore, argues the arrest was not supported by probable cause.
Appellant incorrectly argues that the probable cause to arrest was based solely on the Horizontal Gaze Nystagmus test. In addition to the erratic driving noted in Assignment of Error I., the officer testified that when he approached the vehicle, he could smell the scent of alcohol coming from the car. Tr. 7. The officer asked appellant if he had anything to drink, and he responded that he had two beers. Id. Although appellant claims he passed all field sobriety tests except the HGN test, the officer testified that appellant was swaying while he gave him the instructions for the heel-to-toe test. Tr. 11. The officer testified that he did not touch heel to toe as he was performing the test, and his performance was average. Id. The officer testified that although appellant completed the one-legged stand test, he was swaying, and put his foot down on one occasion. Tr.12. The officer further testified that appellant was unable to recite the alphabet. Id. Although appellant did not completely fail all field sobriety tests, the evidence established that he had difficulty during the tests. His performance on these sobriety tests, coupled with the smell of alcohol, his confession that he consumed alcohol, and his driving, gave the officer probable cause to arrest him for Driving Under the Influence, and to administer a breath alcohol test.
The second Assignment of Error is overruled.
The judgment of the Massillon Municipal Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Massillon Municipal Court is affirmed. Costs to appellant.
--------------------
--------------------
 -------------------- JUDGES